UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| TERESA SMITH<br><br>       PLAINTIFF<br><br>   v.<br><br>THE LAURELROCK COMPANY<br><br>       DEFENDANT | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:       October 7, 2019<br>:<br>: |

# COMPLAINT

**I.   INTRODUCTION**

1.      This is an action for money damages, liquidated damages, penalty damages, interest, costs, attorneys' fees, and other relief as a result of Defendant's failure to pay overtime compensation due to Plaintiff, in violation of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 201 *et seq.* as well as the applicable wage and hour laws and regulations set forth in the Connecticut Minimum Wage Act ("CMWA"), codified as C.G.S. § 31-58, *et seq.*

**II.   PARTIES**

2.      Plaintiff, Teresa Smith ("Plaintiff"), is an individual presently residing in Fairfield County, Connecticut. At all relevant times, Plaintiff was employed by Defendant, The LaurelRock Company ("Defendant"). Plaintiff worked in excess of forty (40) hours per work week without receiving overtime compensation as required by federal and state law.

3.      Defendant is a Connecticut corporation with its principal place of business located in Fairfield County at 969 Danbury Road Wilton, CT 06897. Defendant is in the business of

providing landscape architecture and design services to a high-end clientele within the State of Connecticut and State of New York.

4. Defendant employs over 15 employees.

5. At all times relevant to this Complaint, Defendant was Plaintiff's employer.

6. At all times relevant to this Complaint, Defendant directed Plaintiff's work and determined the rate and method of payment of wages to Plaintiff, had the authority to hire and fire Plaintiff, maintained the employment records of Plaintiff, and was the cause of the violations complained of herein.

7. Defendant transacts business within the State of Connecticut and the State of New York.

8. At all times relevant to this action, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203 and the CMWA.

### III. JURISDICTION

9. The United States District Court for the District of Connecticut has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331, because Plaintiff asserts claims arising under federal law. Supplemental jurisdiction of the state law claims set forth herein is predicated on 28 U.S.C. § 1367, as they arise out of the same case and controversy.

### IV. FACTS

10. Plaintiff commenced her employment with Defendant on or about September 1, 2010.

11. Throughout Plaintiff's employment until her termination on or about May 23,

2019, Plaintiff was employed by Defendant as an office worker.

12. Defendant had a plan or practice of designating Plaintiff as exempt in order to avoid the overtime payment requirements of the FLSA when in fact her employment as an office worker is non-exempt from the FLSA requirement to pay overtime.

13. Throughout Plaintiff's employment Defendant required Plaintiff to work more than forty (40) hours per week. Plaintiff was not paid for the hours worked in excess of forty (40) hours per week.

## V.   CLAIMS

**COUNT ONE**   **VIOLATION OF FLSA, 29 U.S.C. §§ 201 *et seq.* ON BEHALF OF PLAINTIFF AGAINST DEFEDANT**

1-13. Plaintiff incorporates herein Paragraphs 1-13 from above as if fully set forth herein.

14. Defendant, during the past three (3) years prior to the filing of this Complaint, has failed to pay Plaintiff proper overtime compensation for hours worked in excess of forty (40) hours per week at a rate of one and one half times her regular rate of pay.

15. Defendant failed to pay Plaintiff proper overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C §§ 201-219.

16. Defendant's conduct in this regard was a willful violation of the FLSA.

17. As a result of Defendant's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial. Plaintiff is entitled to recover all compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies at law or in equity.

**COUNT TWO**   **FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF AGAINST DEFENDANT**

1-13. Plaintiff incorporates herein Paragraphs 1-13 from above as if fully set forth herein.

14. During the past two (2) years prior the filing of this Complaint, Defendant failed to provide Plaintiff her full and legally required wages and /or overtime compensation for hours worked in excess of forty (40) hours per week, in violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58 et seq.

15. Defendant's conduct in this regard is willful, unreasonable, arbitrary and / or in bad faith.

16. As a result of Defendant's violation of the CMWA, Plaintiff is entitled to compensation for her time worked in excess of forty (40) hours per week, computed at one and one half times her regular hourly rate. In addition, Plaintiff is entitled to plenary damages, interest, attorneys' fees and costs, and any other relief they are entitled to under law or in equity.

## VI.  JURY DEMAND

1. Plaintiff hereby demands trial by jury.

## VII.  DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff claims as follows:

1. Unpaid overtime wages under the FLSA;

2. Unpaid overtime wages under the CMWA;

3. Liquidated damages under the FLSA;

4. Penalty damages, wages and double damages under the CMWA;

5. Attorneys' fees and costs under FLSA and CMWA;

6. An award of pre-judgment and post-judgment interest as provided by law;

7. Interest pursuant to Conn. Gen. Stat. Section 37-3a.

8.	Any such other and further legal and equitable relief as this Court deems necessary, just and proper, as well as any other relief available in law or in equity.

>	PLAINTIFF
>	TERESA SMITH
>
>	By:	/s/ Heena Kapadia 11869
>		Heena Kapadia
>		Law Office of Heena Kapadia, LLC
>		572 White Plains Road
>		Trumbull, CT 06611
>		Phone: 203-288-8006
>		*hkapadia@heenakapadialaw.com*